UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
RORY WALSH,                   )
                              )
          Plaintiff,          )
                              )
          v.                  )    Civil Action No. 11-2214 (RWR)
                              )
FEDERAL BUREAU OF             )
INVESTIGATION, et al.,        )
                              )
          Defendants.         )
_____)
```

MEMORANDUM OPINION AND ORDER

Pro se plaintiff Rory Walsh, on his own behalf and as the natural guardian of minor S.J.W., brings claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., against the Federal Bureau of Investigation ("FBI"), the Department of Veteran Affairs ("VA"), Director James R. Clapper of the Office of the Director of National Intelligence ("ODNI") in his official capacity, and the Foreign Intelligence Surveillance Court ("FISC"). The defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56, arguing that Walsh failed to exhaust his administrative remedies before seeking judicial review. Because administrative remedies were never exhausted for FOIA requests or appeals that Walsh allegedly sent to the VA and ODNI but that those agencies have no record of, the defendants' motions for summary judgment with respect to the VA and ODNI claims will be

-2-

granted.  Because the FISC is not subject to the FOIA, Walsh's
claims against the FISC will be dismissed.  However, because
there is a factual dispute regarding whether Walsh was properly
informed of his administrative remedies by the FBI, the FBI's
motion to dismiss will be denied.[1]

BACKGROUND

Walsh is a former Marine Corps officer.  Compl. ¶ 7.  In his
complaint, Walsh describes at length his relationship with a
former Commandant of the Marine Corps named Michael Hagee, and
Hagee's alleged harassment of Walsh and role in an ongoing cover-
up of a "pre-meditated murder attempt" on Walsh when Walsh was
serving as a Marine.  Id. ¶¶ 14, 17, 22.  According to the
complaint, Hagee has been harassing and "throwing national
Counter-Intelligence forces" at Walsh for over twenty-two years,
since Walsh served under Hagee as a rifle company commander.  Id.
¶¶ 13, 14.  Walsh alleges that Hagee is now an agent of the

---

[1] Walsh also moved under Federal Rule of Civil Procedure 55(b)(1)
for default judgment in an amount certain that Walsh neither
mentioned in his complaint nor provided in his motion a basis for
the Clerk to calculate.  In any event, since Walsh never first
sought entry of default under Rule 55(a), his motion will be
denied.  In addition, Walsh has moved for leave to file a
petition for a writ of mandamus alleging fanciful, improbable
allegations and showing no good cause for the relief sought.
Walsh unsuccessfully moved for leave to file a substantively
identical writ in the court of appeals in a related case.  See In
Re Walsh, No. 12-5263 (D.C. Cir. September 14, 2011) (order
denying petition for writ of mandamus).  Therefore, his motion
for leave to file a petition for writ of mandamus will be denied.

"ultra secret NCCCIC [National Center for the Coordination of Counter-Intelligence Committee]," an alleged "part of the DNI structure of forces."  Id. ¶¶ 2, 13.  Walsh states that in recent years, Hagee has placed Walsh under "crushing surveillance," withheld "Walsh's VA treatments, medications, rightful VA compensation and child support," broken into Walsh's bank accounts, and intercepted Walsh's communications through "the US Mails[.]"  Id. ¶ 2.  The complaint asserts that Walsh sent FOIA requests to the defendants seeking records related to Hagee's harassment and Walsh's medical records from the VA, and that the defendants have not adequately responded to his requests.  Id. ¶¶ 55-58.  Walsh seeks an order directing the defendants to immediately respond to his FOIA requests.  Id. at 14.

The defendants have filed motions to dismiss under Rule 12(b)(6) for failure to state a claim, or in the alternative, for summary judgment under Rule 56.  They argue that Walsh failed to exhaust administrative remedies under the FOIA for his VA, ODNI, and FBI claims since he did not submit FOIA requests to the VA or ODNI, and did not pursue the FBI's responses to his FOIA requests.  The defendants also argue that the FISC is not subject to the FOIA.  Walsh has opposed the defendants' motions.

-4-

## DISCUSSION

Courts ordinarily analyze under Rule 12(b)(6) an agency's argument that a FOIA requester has failed to initiate a FOIA claim or failed to exhaust administrative remedies.  <u>See</u> <u>Tereshchuk v. Bureau of Prisons</u>, 851 F. Supp. 2d 157, 161 (D.D.C. 2012).  Under Rule 12(b)(6), a court can dismiss an action where the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  However, "[w]here, as here, a defendant files a motion under Rule 12(b)(6) that is supported by declarations and documentary evidence 'outside the pleadings [that] are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56.'"  <u>Calhoun v. Dep't of Justice</u>, 693 F. Supp. 2d 89, 90-91 (D.D.C. 2010) (quoting Fed. R. Civ. P. 12(d)).  If the evidence presented "is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper."  <u>Etheridge v.</u> <u>FedChoice Federal Credit Union</u>, 789 F. Supp. 2d 27, 32 (D.D.C. 2011).  But, "if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law[,]" the motion must be granted.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986).

-5-

The moving party bears the burden of providing a "sufficient factual record that demonstrates the absence of a genuine issue of material fact." Peavey v. Holder, 657 F. Supp. 2d 180, 187 (D.D.C. 2009).  Although "a court must draw all reasonable inferences in favor of a non-moving party," Brown v. F.B.I., 675 F. Supp. 2d 122, 125 (D.D.C. 2009) (citing Anderson, 477 U.S. at 255), "[t]he party opposing a motion for summary judgment[] 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Brown, 675 F. Supp. 2d at 122 (quoting Anderson, 477 U.S. at 248).  In considering a motion for summary judgment on a FOIA claim, a court may rely upon an agency's affidavits so long as they "contain sufficient detail" and "are not 'controverted by contrary evidence.'" Peavey, 657 F. Supp. 2d at 188 (quoting Schrecker v. U.S. Dep't of Justice, 217 F. Supp. 2d 29, 33 (D.D.C. 2002)).  Agency affidavits are afforded a "presumption of good faith" and can be rebutted only with evidence that the agency did not act in good faith. Defenders of Wildlife v. Dep't of the Interior, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).  In FOIA cases where agencies allege that they were unable to find relevant information or plaintiffs' requests for information, the agencies must demonstrate that they conducted searches reasonably calculated to uncover all relevant documents. Peavey, 657 F. Supp. 2d at 187 (citing Weisberg v.

U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).
"[A]n agency could demonstrate appropriate, reasonable search
methods by demonstrating a 'systematic approach to document
location.'" Nance v. U. S. Federal Bureau of Investigation, 845
F. Supp. 2d 197, 202 (D.D.C. 2012) (quoting Oglesby v. U.S. Dep't
Of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).

Under FOIA, an agency's obligations to provide information
do not begin until the agency receives a valid request; "'failure
to file a perfected request therefore constitutes failure to
exhaust administrative remedies.'" Rodriguez-Cervantes v. Dep't
of Health and Human Services, 853 F. Supp. 2d 114, 117 (D.D.C.
2012) (quoting Dale v. Internal Revenue Service, 238 F. Supp. 2d
99, 103 (D.D.C. 2002)).  In this circuit, the failure to exhaust
administrative remedies for a FOIA claim is considered a
jurisprudential, rather than a jurisdictional, bar to judicial
review.  See Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir.
2003).  Thus, "exhaustion is a 'condition precedent' to filing a
FOIA action." Tereshchuk, 851 F. Supp. 2d at 161 n.5 (citing
Flaherty v. President of the United States, 796 F. Supp. 2d 201,
207 (D.D.C. 2011), aff'd sub nom. Flaherty v. I.R.S., 468 F.
App'x 8 (D.C. Cir. 2012)).  The exhaustion requirement ensures
that "an agency has the opportunity to exercise its discretion
and expertise on the matter and to make a factual record to
support its decision[,]" and it "allows the top managers of an

-7-

agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." Oglesby, 920 F.2d at 61.

I.   FOIA REQUEST TO THE VA

Walsh alleges that the VA has not adequately responded to a FOIA request he claims he submitted on November 4, 2011 to the VA Medical Center ("VAMC") in Wilmington, Delaware, seeking records of an allegedly falsified medical evaluation of Walsh conducted there.  Compl. ¶ 56; Pl.'s Mem. Opposing Defs.' Motion, Ex. J. The VA, however, reports that it has no record of receiving the alleged FOIA request.  Defs.' Mot. to Dismiss, Ex. 1 ("Johnson Decl.") ¶¶ 8-9.

According to Keith Johnson, the Wilmington, Delaware VAMC's Privacy/FOIA Officer, all FOIA requests submitted to the VAMC in Wilmington Delaware are stamped and logged into a software program named "FOIA Express."  Johnson Decl. ¶ 6.  The VAMC staff inputs into the FOIA Express program the name of the requester, the date the request was received, and a brief description and copy of the request.  The program assigns the request a case number.  Id.  Johnson typically takes the information from "perfected" FOIA requests from the FOIA Express system and adds it to an excel spreadsheet that is held by the FOIA office.  Id.

In January 2012, an attorney working for the VA Office of General Counsel asked Johnson for any information he had regarding a FOIA request Walsh could have made to VAMC

-8-

Wilmington.  Id. ¶ 7.  Johnson searched the FOIA spreadsheet and
FOIA Express for the name "Rory M. Walsh," and that name did not
appear in either FOIA Express or the spreadsheet.  Id. ¶ 8.  The
attorney working for the VA Office of General Counsel informed
Johnson that she asked the FOIA officers in Philadelphia,
Pennsylvania, and Lebanon, Pennsylvania, to conduct searches in
their FOIA Express systems for any FOIA requests in Walsh's name,
but they did not locate the alleged FOIA request from Walsh.  Id.

    Johnson also contacted the Release of Information ("ROI")
office which handles veterans' requests for copies of their own
medical records.  A veteran makes such a request by completing a
request form and submitting it to the ROI.  The ROI also keeps in
its Computerized Patient Record System notes of all calls made to
veterans regarding their medical records.  The ROI office did not
have records of any medical records request form from Walsh or
calls with Walsh regarding his medical records.  Id. ¶ 9.

    Walsh has submitted no proof that he mailed this request, or
that the VA received it.  The VA has presented undisputed
evidence that it searched for Walsh's FOIA request in the places
that Walsh's FOIA request to the VA would have been located, but
did not discover any such request.  Thus, either Walsh never
properly initiated and exhausted the FOIA administrative process,
or if he did send a valid request, the VA has shown that it does
not have the request and the request was not exhausted.  Walsh,

then, "is not entitled to maintain a civil action with respect to the [claimed VA] Request." Brown, 675 F. Supp. at 126. Summary judgment will be granted for the VA on Walsh's FOIA claim against the VA.

II.  FOIA REQUEST TO ODNI

     According to the complaint, Walsh sent a FOIA request to ODNI on December 6, 2011, "requesting records regarding the crushing surveillance" orchestrated by Hagee.  Compl. ¶ 57. Walsh alleges that ODNI has not responded to this request. According to John Hackett, the Chief of Information for the ODNI, the ODNI Information Management Group is responsible for receiving, processing, and responding to all FOIA requests submitted to ODNI.  Defs.' Partial Mot. to Dismiss, Ex. 2 ("Hackett Decl.") ¶ 1.  Hackett states that while Walsh alleges that he submitted a FOIA request to ODNI on December 6, 2011, an ODNI Information Management Group staff member searched for Walsh's request in an ODNI tracking file and in a listing of FOIA requests for ODNI records that had been received, scanned, and assigned a tracking number, and uncovered no record that ODNI ever received Walsh's alleged FOIA request.[2]  Hackett Decl. ¶ 5.

_____

[2] While ODNI did receive two FOIA requests from Walsh on August 7, 2009, and October 24, 2009, "requesting information concerning Michael G. Hagee and further information concerning surveillance and threats against [Walsh] and his family," ODNI responded to these requests on June 25, 2010, by sending a letter to Walsh informing him that ODNI had no indices that would reasonably be expected to contain any information responsive to

-10-

Based upon Hackett's undisputed assertion, ODNI conducted a search reasonably calculated to located Walsh's alleged FOIA request and did not discover any such request.  Therefore, summary judgment will also be granted for ODNI on Walsh's FOIA claim against the ODNI.

III. FOIA REQUEST TO THE FBI

According to David Hardy, the FBI's Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), the FBI received a letter from Congressman Todd Platts, dated September 9, 2011, asking about the status of Walsh's attached "unanswered FOIA request" dated July 5, 2011, which requested "the name and FBI agent number of the Special Agent in Charge of the Harrisburg office," from November 2006 to the present date.  FBI's Mot. to Dismiss, Ex. 1 ("Hardy Decl.") ¶¶ 5-6.  Hardy says that after receiving Walsh's FOIA request, the FBI sent a letter to Walsh on September 14, 2011 stating "that the Harrisburg Resident Agency falls under the Philadelphia Field Office" and providing Walsh with the office contact information and the name of the special agent in charge. Id. ¶ 7.  Walsh says that in response, he sent to the FBI's Office of Information Policy ("OIP") an "appeal" letter dated September 27, 2011, requesting "[t]he name of each FBI agent in charge of the Harrisburg Resident Agency from May 2005 to the

_____

his request.  Hackett Decl. ¶¶ 3-4.

-11-

present date" and three additional requests related to the
alleged FBI surveillance and questioning of Walsh.  Id. ¶ 8.

     The FBI interpreted the three new requests as requests for
"any and all information on Rory M. Walsh."  Id. ¶ 11.  According
to Hardy, the FBI responded to these three new requests by
sending to Walsh a letter dated October 12, 2011, stating that
"[Walsh's] request did not contain sufficient information to
conduct an adequate search of the Central Records System" and
seeking additional information from Walsh to assist the FBI in
locating the information Walsh sought, including Walsh's full
name, address, date of birth, and telephone number.  Id. ¶ 12.
Hardy states that the letter advised Walsh that the FBI would
close his request if it did not receive a response within 30
days, and that he could appeal the FBI's denials within 60 days.
Id.  Hardy claims that the FBI has no record of receiving a
response from Walsh.  Id. ¶ 17.  Walsh disputes that the FBI ever
sent such a letter.  Pl.'s Opp'n to FBI's Mot. to Dismiss,
¶ 25(b),(c).

     According to Hardy, on December 9, 2011, the FBI sent to
Walsh a letter informing him that his request for the names of
the agents in charge of the Harrisburg Resident Agency "contained
information regarding third parties [that] was being withheld
pursuant to FOIA exemptions (b)(6) and (b)(7)(C)[,]" and that the
"information was not appropriate for discretionary release."

-12-

FBI's Mem. of Law at 6.  The letter also informed Walsh of his
ability to appeal the decision within 60 days.  Hardy Decl. ¶ 15.
Although Walsh asserts that he filed an administrative appeal in
response to the letter of December 9, 2011, Pl.'s Opp'n to FBI's
Mot. to Dismiss, at ¶ 25(d), Ex. H, Hardy states that on
January 24, 2012, the FBI Headquarters contacted the FBI's OIP to
determine whether it had received any appeals from Walsh
regarding the September or October letters.  According to Hardy,
the OIP informed FBI Headquarters that it had no record of Walsh
filing administrative appeals to the FBI's September and October
letters.  Hardy Decl. ¶ 17.  The FBI argues that this shows that
Walsh failed to properly file an administrative appeal of the
FBI's responses to his FOIA request and to exhaust his available
administrative remedies.  However, the FBI does not provide
factual detail to show that its searches for Walsh's responses
were reasonably calculated to find his response, nor does the FBI
provide any evidence, such as a return receipt, that would
resolve the factual dispute about whether it mailed Walsh the
October 12 letter.  Therefore, the FBI's motion for summary
judgment will be denied.

IV.  FOIA REQUEST TO FISC

    Walsh asserts that the FISC has not responded to a FOIA
request that he allegedly sent on November 26, 2010, "requesting
records of any search warrants issued to the CIA, Michael W.

-13-

Hagee . . ., the FBI, or the Department of the Navy." Compl.
¶ 55.  However, the FISC, as a federal court, is not subject to
the FOIA.  See 5 U.S.C. § 551(1)(B) (2011) (stating that the
definition of "agency" does not include federal courts); Lewis v.
U.S. Dep't of Justice, Civil Action No. 09-746 (RBW), 2011 WL
5222896, at *6 n.5 (D.D.C. Nov. 2, 2011) (holding that the
judicial branch is exempt from the FOIA); Dockery v. Gonzales,
524 F. Supp. 2d 49, 52 n.1 (D.D.C. 2007) (stating that
"[p]laintiff also appears now to seek records from this Court and
the D.C. Superior Court . . . [b]ut the FOIA does not apply to
courts or state and local governments").  Thus, Walsh's FOIA
claim against the FISC will be dismissed under Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim upon which
relief can be granted.

## CONCLUSION AND ORDER

Because Walsh failed to exhaust available administrative
remedies against the VA and ODNI, and the FISC is not subject to
the FOIA, it is hereby

ORDERED that the defendants' motion [5] to dismiss or for
summary judgment be, and hereby is, GRANTED.  Judgment is entered
for the VA and ODNI, and the complaint is dismissed as to the
FISC.  However, because there is a genuine issue of material fact
regarding whether Walsh availed himself of his administrative
remedies regarding his request to the FBI, it is further

-14-

ORDERED that the FBI's motion [16] for summary judgment be, and hereby is, DENIED.  The FBI shall have until December 12, 2012 to file a new motion for summary judgment.  It is further

ORDERED that the plaintiff's motions for partial summary judgment against the FBI [10], for expeditious treatment of his motion for partial summary judgment against the FBI [18], and for a writ of mandamus [19] be, and hereby are, DENIED.  It is further

ORDERED that the plaintiff's motion for default judgment against all defendants [11] be, and hereby is, DENIED as moot.

SIGNED this 21st day of November, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge